UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2017 JUL 26  P 4:30
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Number: 3173R164 MPS |
| | VIOLATIONS: |
| v. | 21 U.S.C. § 846 (Conspiracy to Distribute Oxycodone and Hydrocodone) |
| RAMIL MANSOUROV and BHARAT PATEL | 18 U.S.C. § 1347(a)(1) (Health Care Fraud) |
| | 18 U.S.C. § 1956(a)(1)(A)(i) & (B)(i) (Money Laundering) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |
| | 21 U.S.C. § 853 (Criminal Forfeiture) |
| | 18 U.S.C. § 982(a)(1) (Criminal Forfeiture) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute Oxycodone and Hydrocodone)

1. From approximately 2012 through on or about July 12, 2017, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants RAMIL MANSOUROV and BHARAT PATEL, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute, controlled substances, namely mixtures and substances containing detectable amounts of oxycodone and hydrocodone, both Schedule II controlled substances, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Health Care Fraud)

2. From approximately 2012 through on or about July 12, 2017, the exact dates being unknown to the Grand Jury, the defendants RAMIL MANSOUROV and BHARAT PATEL practiced medicine as general practitioners at Family Health Urgent Care in Norwalk, Connecticut.

3. Family Health Urgent Care accepted patients who were participants in the Medicaid program, which is a "health care benefit program," as defined in 18 U.S.C. §§ 24(b) and 1347.

4. RAMIL MANSOUROV and BHARAT PATEL and Family Health Urgent Care accepted payment from the Medicaid program for services rendered.

5. From approximately 2012 through on or about July 12, 2017, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants RAMIL MANSOUROV and BHARAT PATEL knowingly and willfully executed and attempted to execute a scheme or artifice to defraud a health care benefit program, that is: the defendants MANSOUROV and PATEL falsely claimed to have provided medical care to multiple Medicaid patients in the form of (a) office visits, (b) home visits and (c) nursing home visits and billed Medicaid for those appointments even though the appointments did not take place, and PATEL provided those Medicaid patients with multiple prescriptions for Schedule II controlled substances which were not medically necessary, knowing that Medicaid would pay for the medically unnecessary prescriptions.

6. For the purpose of executing and attempting to execute the scheme and artifice to defraud a health care program, MANSOUROV and PATEL submitted, and caused to be submitted,

to Medicaid at least $4,000,000 in fraudulent claims for appointments that never occurred and for prescriptions which were not medically necessary.

7. Relying on the fraudulent representations of MANSOUROV and PATEL, the Medicaid health care program paid at least $4,000,000 in false claims that Family Health Urgent Care submitted and caused to be submitted to them.

8. Medicaid would not have paid the fraudulent claims had it known of the fraud.

9. By engaging in this conduct, MANSOUROV and PATEL knowingly and willfully engaged in a scheme to defraud the Medicaid health care program.

All in violation of Title 18, United States Code, Section 1347(a)(1).

## COUNT THREE
(Money Laundering)

10. From approximately 2012 through on or about July 12, 2017, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant RAMIL MANSOUROV did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, the transfer of funds between financial institutions, which transactions involved the proceeds of specified unlawful activities, that is the conspiracy to distribute oxycodone and hydrocodone and health care fraud, as charged in Counts One and Two of this Indictment, with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activities, and that, while conducting and attempting to conduct such financial transactions, MANSOUROV knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR
(Money Laundering)

11.     From approximately 2012 through on or about July 12, 2017, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant BHARAT PATEL did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, the transfer of funds between financial institutions, which transactions involved the proceeds of specified unlawful activities, that is the conspiracy to distribute oxycodone and hydrocodone and health care fraud, as charged in Counts One and Two of this Indictment, with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activities, and that, while conducting and attempting to conduct such financial transactions, PATEL knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE
(Money Laundering)

12.     From approximately 2012 through on or about July 12, 2017, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant RAMIL MANSOUROV did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, the transfer of funds between financial institutions, which transactions involved the proceeds of specified unlawful activities, that is the conspiracy to distribute oxycodone and hydrocodone and health care fraud, as charged in Counts One and Two of this Indictment, with the intent to promote the carrying on of specified unlawful activities, and that, while conducting and attempting to conduct such financial transactions, MANSOUROV

knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

FORFEITURE ALLEGATION
(Controlled Substances Offense)

13. Upon conviction of the controlled substance offense alleged in Count One of this Indictment, the defendants RAMIL MANSOUROV and BHARAT PATEL shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including but not limited to:

Real Property

a. Real Property located at 119 Tokeneke Road, Darien, Connecticut, and owned by Ramil Mansourov.

b. Real Property located at 39 Devine Place, Milford, Connecticut, and owned by Bharat Patel and Ila Patel.

Currency

a. $16,521.25 in United States currency seized on July 13, 2017 from a safe deposit bank at TD Bank, 1361 Boston Post Road, Milford, Connecticut, rented by Bharat Patel and Ila Patel.

Money Judgment

a. A sum of money equal to $4,031,276.71, which constitutes, or is derived from, proceeds involved in the controlled substance offense.

      b. A sum of money equal to the total amount of $158,523.95, which is the cash deposits into PATEL's accounts and constitutes, or is derived from, proceeds involved in the controlled substance offense.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a), Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Money Laundering Offense)

15. Upon conviction of one or more of the money laundering offenses alleged in Counts Three, Four, and Five of this Indictment, the defendants RAMIL MANSOUROV and BHARAT PATEL shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(1), all right, title, and interest in any and all money and other property involved in each violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i), and all property traceable to such property, including but not limited to: (a) an interest up the amount of $59,812.90 in certain real property located at 119 Tokeneke Road, Darien, Connecticut; (b) an interest up the amount of $144,452.93 in certain real property located at 39 Devine Place, Milford, Connecticut; (c) an interest up to the amount of

$3,971,471.49 in Citibank account no. ▬5579, held in the name of Ramil Mansourov, LLC.; (d) an interest up to the amount of $730,000 in USAA Federal Savings Bank account no. ▬011-2, held in the name of Ramil Mansourov; (e) an interest up to the amount of $283,000 in Keybank account no. ▬1474, held in the name of Dr. Ramil Mansourov; (f) an interest up to the amount of $89,000 in Citibank account no. ▬5672, held in the name of Ramil Mansourov; (g) an interest up to the amount of $87,502.70 in People's Bank account no. ▬1629 held in the name of Bharat Patel; (h) an interest up to the amount of $20,500 in People's Bank account no. ▬1629 held in the name of Bharat Patel; (i) an interest up to the amount of $34,000 in TD Bank account no. ▬8229 held in the name of Ila B. Patel; and (j) all those items of value discovered and seized on or about July 13, 2017, from safe deposit box 681 located at TD Bank, 1361 Boston Post Road, Milford, Connecticut, rented by Bharat and Ila Patel, which include: precious gemstones, precious metals, jewelry, and $16,521.25 in United States currency.

16.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY